UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MARCUS BYARS, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:20-CV-944-DRL-MGG |
| DEPARTMENT OF TREASURY, | |
| Defendant. | |

OPINION AND ORDER

Marcus Byars, a prisoner without a lawyer, filed a complaint alleging the Internal Revenue Service (IRS) improperly paid his Economic Impact Payment to someone else. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. In addition, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(B)(ii).

After he filed the complaint, but before it was screened, Mr. Byars filed a motion explaining the IRS paid the money to his "x-wife/babymama [which] she used to help my kids . . . ." ECF 12 at 1-2. Based on this filing, it is clear his Economic Impact Payment

was taken to pay past due child support. "While the [Economic Impact Payment] Act intentionally exempts these rebates from reduction or offset against certain debts, there is no exemption for child support debt." U.S. Department of Health & Human Services, Office of Child Support Enforcement, https://www.acf.hhs.gov/css/policy-guidance/economic-impact-payments-under-coronavirus-aid-relief-and-economic-security. Therefore, the IRS was not wrong to have taken his Economic Impact Payment and sent it to pay his child support.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7thCir. 2018). Here, however, it appears it would be futile for Mr. Byars to file an amended complaint. *See Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile.").

Finally, Mr. Byars asks the court to dismiss this case because he does not want to pay the filing fee. ECF 12. The case is being dismissed because it does not state a claim. Furthermore, the filing will not be waived because pursuant to 28 U.S.C. § 1915(b)(1), "if a prisoner brings a civil action . . . the prisoner shall be required to pay the full amount of a filing fee." Mr. Byars was a prisoner when he filed, so he must pay the filing fee.

For these reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

March 29, 2021                               *s/ Damon R. Leichty*
                                             Judge, United States District Court